CULPEPPER, Judge.
Plaintiff is the theft insurer of a $9,000 boat and trailer owned by Charles E. Kirsch, Jr. The 'boat was stolen from the premises of the defendant, Finley’s Sporting Goods, Inc. Plaintiff paid Kirsch and took a subrogation against Finley’s and its liability insurer. For a cause of action, plaintiff contends Finley’s breached its obligation as depositary. The trial judge held plaintiff failed to prove an agreement of deposit. Plaintiff appealed.
The substantial issue is whether plaintiff proved a contract of deposit between plaintiff’s subrogor, Charles E. Kirsch, and defendant, Finley’s Sporting Goods, Inc.
*384 The facts and the law are correctly stated by the trial judge in his oral reasons:
“The boat was sold by Finley’s to Mr. Kirsch in May of 1973, and had been returned to the seller’s premises for minor adjustments and repairs on two or three occasions.
“About October 10, 1973, Mr. Kirsch brought the boat to Finley’s and requested that a twenty hour check be conducted on it. This work was to be contracted out to another, and it had not been completed by the following Thursday. During this time the boat was left on Finley’s premises with the latter’s knowledge and consent.
“Mr. Kirsch had an engagement to fish on Friday, and went to Finley’s Thursday afternoon to pick up the boat. He talked to Mr. William Finley and told him that he was going to go fishing. They hooked up the boat to the owner’s motor trailer and it was removed from the premises.
“The only factual dispute in the case arises at this point. Mr. Kirsch states positively he told Mr. Finley he was going to return the boat to the latter’s premises after he returned from fishing on Friday. He thought Mr. Finley said, ‘O. K.’ However, he was not sure about this. Mr. Finley has no recollection of any conversation with Mr. Kirsch in regard to the latter’s returning the boat to Finley’s on Friday.
“Actually, the boat was returned late Friday after the defendant’s business had been closed and all of its employees had left. Mr. Kirsch parked it in approximately the same place as before. However, Finley’s was closed on Saturday and Sunday. Apparently, the boat was stolen either Saturday afternoon or Sunday, because it was not there on Monday.
“The plaintiff seeks to recover the loss that it paid its insured under their policy, contending there was an actual deposit of the boat with Finley’s and that the latter has not borne the required burden of proof to establish it was without fault in connection with the loss.
“According to Coe Oil Service, Inc. v. Hair, [La.,] 283 So.2d 734, ‘Civil Code Article 2926 provides: “A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind.” The deposit is essentially gratuitous, although compensation may be given. Article 2929. Our jurisprudence treats a compensated depositary as one against whom the obligation of preserving the property is under Article 2938 rigorously enforce.’ (Citing authorities.)
“ ‘The deposit is perfected by the delivery of the thing deposited. Article 2930. The voluntary deposit takes place by the mutual consent of the depositor and the depositary. Article 2932. “Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it.” Article 2933.’
“The burden of proof in this case is on the plaintiff to establish that there was an actual deposit of the boat. This, of course, would require an agreement for a deposit, either expressed or implied, between Mr. Kirsch and Mr. Finley. Although both of these gentlemen were recounting their recollections of what actually took place between them, it is obvious that one of them must have been wrong about whether or not any such agreement was reached in regard to returning the boat on Friday.
“Mr. Kirsh is positive he told this to Mr. Finley, but the latter has no recollection thereof at all. He says he was busy at the time and he does not recall any mention being made of when the boat was to be returned. • At best, Mr. Kirsch says *385 he thought Mr. Finley said, ‘O.K.’ when told that he was going to bring the boat back, but he was not entirely certain of this.”
Plaintiff does not agree with the trial court’s conclusion that the facts are in dispute concerning the conversation between Mr. Finley and Mr. Kirsch before the boat was removed on Thursday afternoon for the fishing trip. It contends that the positive testimony of Mr. Kirsch is uncontra-dicted and therefore establishes that both parties consented to the deposit on Thursday afternoon and that the deposit was perfected when the boat was returned by Kirsch on Friday afternoon. However, counsel for plaintiff admits in brief that the facts concerning consent of the parties to the deposit “may be something less than crystal clear.”
Counsel also argues that Finley’s knowledge that the boat would be returned can be implied from other evidence, e. g., the maintenance check was not yet performed; the boat remained on Finley’s premises to be checked for ten days; and Mr. Finley admitted being aware that Mr. Kirsch was anxious to have the work performed. However, counsel has failed to consider these facts: (1) On all prior occasions Kirsch brought the boat for repairs during business hours. (2) The boat was delivered after closing hours on Friday afternoon. (3) Finley’s was closed over the weekend. (4) Kirsch made no attempt to notify Finley that the boat had been returned.
The reviewing court must give great weight to the factual conclusions of the trier of facts. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable, Cantor v. Koehring Company, 283 So.2d 716 (La.1973). The trial court resolved this factual dispute against the plaintiff. We find no manifest error.
For the reasons assigned, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.